Ex Parte Sotomayor et al., Peticionarios y Apelantes.

APELACIÓN procedente de la Corte de Distrito de Arecibo en procedimientos sobre aprobación de partición de herencia.

No. 1247.—Resuelto en junio 24, 1916.

Partición de Herencia—Conformidad entre los Interesados—Intervención de Contadores Partidores.—No es necesaria la intervención de contadores partidores, ya sean nombrados éstos por el testador, ya por la corte de distrito, en las operaciones divisorias de herencia, cuando los interesados, aunque hubiere menores de edad, estén conformes con la partición, pues a semejante caso no son aplicables los artículos 67 al 70 de la Ley de Procedimientos Legales Especiales.

Id.—Adjudicaciones Nulas—Autorización Judicial.—Son nulas las adjudicaciones en pago de deudas hechas a los acreedores en la partición de una herencia en que existen menores de edad, cuando no ha precedido la correspondiente autorización judicial, sin que exista · diferencia entre un caso en que se adjudican bienes inmuebles a herederos para pago de deudas y otro en que se adjudiquen esos bienes a los mismos acreedores directamente.

Venta—Ratificación de Venta—Menores de Edad—Consentimiento—Autorización Judicial.—Para que después de la muerte de uno de los cónyuges pueda otorgarse una escritura de venta de bien inmueble hecha y perfeccionada por ambos e inscribirse en el registro, es preciso no sólo el consentimiento del cónyuge supérstite sino también el de todos los herederos del cónyuge difunto, y cuando entre éstos existen menores de edad, se hace necesaria la autorización judicial, por envolver el acto una venta o ratificación de venta de bien inmueble en que está interesado un menor.

Administración Judicial—Bienes de Menores.—De acuerdo con el artículo 25 de la Ley de Procedimientos Legales Especiales, enmendado por ley de 8 de marzo de 1906, es condición sine qua non para la administración judicial cuando hay menores de edad, que éstos no estén representados por su padre o madre o por un tutor con fianza arreglada a la ley.

Partición de Bienes—Bienes de la Herencia—Menores Interesados—Incompatibilidad o Conflicto de Intereses—Administración Judicial.—A la muerte de uno de los padres los hijos menores de edad quedan representados por el otro con relación a la administración de los bienes de la herencia, y no procede entonces la administración judicial, por más que llegado el momento de dividir la herencia, si existe incompatibilidad o conflicto de intereses, se acuerde el nombramiento de defensor.

Id.—Menores—Patria Potestad—Aprobación Judicial de la Partición—Administración Judicial.—El precepto del artículo 1027 del Código Civil que establece que cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no

será necesaria la intervención ni la aprobación judicial, no implica que sea necesaria la administración judicial en el caso de que haya menores que no estén representados en la división de la herencia por el padre o por la madre, pues entonces será necesaria la intervención judicial y la aprobación de la divisoria, pero no· la administración judicial, que son cosas enteramente distintas.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. Manuel Paz Urdaz.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 13 de junio de 1911 falleció en el pueblo de Barceloneta, Ignacia Berenguer Reyes, bajo testamento otorgado el 27 de abril del año anterior, en el que, entre otras cosas, declaró que las deudas en contra y a favor de la sociedad de gananciales figuraban en los libros de contabilidad que llevaba su esposo José Genaro Sotomayor; legó a su dicho esposo el tercio de todos sus bienes; mejoró por partes iguales en otro tercio a sus hijos José Ramón, Juan Nepomuceno y Eudobia; instituyó en el remanente por sus únicos herederos a sus tres hijos citados y a cuatro hijos más nombrados Carmen, Dolores, Fernanda y Fernando, por partes iguales, menos en el usufructo de la cuota que por ley corresponde a su dicho esposo José Genaro Sotomayor, al que también instituyó heredero en esa participación; nombró albaceas, en primer lugar al José Genaro Sotomayor, y en segundo lugar a José Gerena Negrón; y manifestó su deseo de que la partición de sus bienes se practicara extrajudicialmente por Andrés Avelino Sotomayor y Ramón Torres, a quienes nombró contadores partidores con las facultades en derecho necesarias.

Por orden de 24 de noviembre de 1913, la Corte de Distrito de Arecibo nombró a Hermógenes Sotomayor Hernández del Río defensora de los menores Juan Nepomuceno y Eudobia Sotomayor para representar a éstos en la partición de los bienes quedados al fallecimiento de Ignacia Berenguer Reyes por tener dichos menores intereses opuestos a los de su padre.

Por escritura pública No. 425, otorgada en el barrio Florida adentro, término municipal de Barceloneta, ante el Nota-

rio Manuel Paz Urdaz, en 25 de noviembre de 1913, el viudo de la testadora, José Genaro Sotomayor, por sí y como cesionario de la partícipe Dolores Sotomayor Berenguer, y el otro heredero mayor de edad, José Ramón Sotomayor Berenguer, por su propio derecho y como cesionario de sus hermanos y coherederos Carmen, Fernanda y Fernando Sotomayor Berenguer, asistido además de su esposa Dolores Gerena López, y Hermógenes Sotomayor Hernández del Río, como defensora de los menores Juan Nepomuceno y Eudobia Sotomayor, con auxilio de peritos, y sin intervención de los contadores partidores nombrados, llevaron a cabo las operaciones de inventario, avalúo, liquidación de sociedad de gananciales, partición y adjudicación de la herencia de Ignacia Berenguer Reyes.

Bajo los hechos 5°. y 11°. de la referida escritura particional se determinaron las bajas del caudal inventariado formado por la aportación matrimonial del viudo José Genaro Sotomayor y por varias deudas pendientes de pago contraídas por la sociedad conyugal, y bajo el hecho 12°. se hizo constar por los interesados que la sociedad de gananciales enajenó a Ramón Colón Rodríguez por precio recibido de $125 una finca rústica con cabida de 4 hectáreas, 32 áreas, y 34 centiáreas, y otra también rústica a José Ramón Andújar por precio igualmente recibido de $150 con cabida de 3 cuerdas, sin que se hubieran otorgado a favor de los compradores las correspondientes escrituras de compraventa, por cuya razón no se incluían en el inventario, siendo bajas del acervo común, y en su virtud acordaban adjudicarlas por vía de comisión o encargo al viudo, para que otorgara a favor de Colón y Andújar las escrituras de compraventa de las referidas fincas, las que se inscribirían previamente en el registro a favor del adjudicatario condicional mencionado.

Al viudo se le formó una hijuela especial en que se le adjudicaron bienes para pagar el resto de las bajas contra la herencia, figurando entre esos bienes distintas porciones de terreno que se describen.

Presentadas las operaciones particionales a la Corte de Distrito de Arecibo para que fueran aprobadas, dicha corte se negó a aprobarlas en resolución de 15 de octubre de 1914, por los siguientes motivos:

"1°. Porque habiendo contadores partidores, nombrados por la testadora en su testamento, a ellos correspondía practicar la divisoria de la herencia.　(Artículo 67 enmendado, de la Ley de Procedimientos Legales Especiales.)

"2°. Porque no se incluyen en el inventario las fincas que se dice fueron vendidas por la causante, y que se adjudican al viudo, para que éste las venda a los compradores, sin la autorización judicial necesaria, por haber herederos menores de edad.

"3°. Por no ser válida ni eficaz dicha adjudicación, sin la correspondiente autorización judicial, siendo además contradictorio, que se adjudique lo que ya se ha vendido a otros, según se consigna por los otorgantes.

"4°. Porque no es válida ni eficaz, la adjudicación de bienes y fincas al padre para el pago de las deudas personales, puesto que dicha adjudicación, por lo que respecta al derecho de condominio de los menores sobre los inmuebles, no puede hacerse sin previa autorización judicial.

"5°. Porque existiendo herederos menores de edad, no representados por su padre ni por tutor general con fianza, no se ha seguido el procedimiento legal que señalan necesario en tales casos los artículos 23 y 25, enmendados, de la ley de procedimientos especiales, para la administración, liquidación y pago de las deudas del caudal hereditario relicto al fallecimiento de Doña Ignacia Berenguer Reyes."

La corte entiende que debe excluirse de la divisoria la adjudicación al viudo de las dos fincas que se dicen han sido vendidas por la causante y tratar de dicha venta por lo que respecta a los menores en el correspondiente procedimiento de autorización judicial, y que también debe excluirse la adjudicación al viudo de bienes para el pago de las deudas de carácter personal, incluyendo dichos bienes en la masa hereditaria partible, quedando las deudas personales que existan para ser satisfechas en una administración judicial previa o por reclamación de los acreedores contra la herencia.

La anterior resolución ha sido apelada para ante esta Corte Suprema.

Examinemos sus fundamentos.

No estamos conformes con el primer fundamento de la resolución apelada, expresivo de que habiendo contadores partidores nombrados por la testadora en su testamento, a ellos correspondía practicar la divisoria de la herencia. Esa cuestión fué tratada por esta corte al resolver el caso de *Irizarry* v. *El Registrador de San Germán,* 22 D. P. R. 94, y llegamos a la conclusión de que la falta de intervención de los contadores partidores nombrados en una partición de bienes, haya o no menores de edad, no la vicia de nulidad.

En apoyo de dicha conclusión dijimos entonces y repetimos ahora:

"El artículo 1024 del Código Civil invocado por el Registrador en su nota, establece que el testador podrá encomendar por acto *inter vivos* o *mortis causa* para después de su muerte la simple facultad de hacer la partición a cualquiera persona que no sea uno de los coherederos, lo cual se observará, aunque entre los coherederos haya alguno de menor edad o sujeto a tutela, en cuyo caso el comisario deberá inventariar los bienes de la herencia con citación de los coherederos, acreedores y legatarios.

"El artículo 1025 previene que cuando el testador no hubiere hecho la partición ni encomendado a otro esta facultad, si los herederos fueren mayores y tuvieren la libre administración de sus bienes, podrán distribuir la herencia de la manera que tengan por conveniente; y el artículo 1027, que cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial.

"Examinados los preceptos que contienen los artículos citados, entendemos que los herederos, habiendo conformidad entre ellos, pueden hacer por sí mismos la partición de bienes, sean o no mayores de edad, aun cuando haya contadores-partidores nombrados, siendo necesaria la aprobación judicial de la partición cuando haya menores que no estén representados por su padre y en su caso por la madre.

"A este propósito dicen los ilustrados comentaristas Galindo y Escosura en el tomo 2 de su obra 'Legislación Hipotecaria,' (4ª. edición), páginas 257 y 258:

''Cuestionable es si habiendo hecho la partición el mismo testador o encomendado a otro la facultad de hacerla, sería no obstante inscribible la que hicieran todos los herederos mayores de edad, o aun habiendo menores, si se había obtenido la aprobación judicial.

'' 'En el primer caso nuestra opinión es que no debe inscribirse * * *

'' 'Respecto del segundo caso, es distinto nuestro criterio. El testador no ha transmitido inmueble determinado; los herederos han adquirido el derecho hereditario al fallecimiento de aquél, y en virtud de él pueden hacer la división en los términos que les convenga * * *

'' 'En el orden moral es evidente que, hecha por los herederos, únicos interesados, nadie puede reclamar contra ella, y no hay razón para que no surta efecto jurídico.

'' 'En el legal, ya indicamos que el propósito del legislador al redactar el artículo 1057 fué sin duda procurar que reinara la armonía allí donde pudiera haber voluntades discordantes. En ese caso, la del contador, como encarnación del testador, se impone a todos; sujeta al rebelde; concilia a los contrarios, y es como el símbolo del pensamiento del testador, supremo legislador a quien todos los herederos deben acatamiento.

'' 'A esto se agrega que no hay precepto alguno en el código que sancione con la pena de nulidad la partición hecha de común acuerdo por todos los herederos en el caso de haber el testador encomendado esa facultad a otra persona, por lo cual puede afirmarse que no es *necesariamente* nula, y no siéndolo, el registrador no debe denegar su inscripción, según lo establecido en el artículo 65 de la Ley Hipotecaria, mientras que, por el contrario, siendo como es la partición un contrato, concurriendo en él todas las circunstancias exigidas por el artículo 1261 del código, para apreciar su validez, no hay más que sujetarle al artículo 1265.'

''Los artículos 1261 y 1265 del Código Civil español corresponden con los 1228 y 1232 del Código Civil Revisado.''

Corrobora la doctrina expuesta el artículo 71 de la Ley de Procedimientos Legales Especiales de marzo 9, 1905, tal como fué enmendado por la ley de 8 de marzo de 1906.

Ese artículo contiene el siguiente precepto de aplicación al presente caso:

''Si entre los herederos hubiere alguno o algunos menores de edad o incapaces por otra causa, y los representantes legales de éstos, y

los demás herederos estuviesen acordes respecto a la partición de la herencia, no tendrá tampoco aplicación lo dispuesto en los artículos 67 al 70, ambos inclusive, de esta ley, siempre que todos los interesados presentaren a la corte la divisoria del caudal hereditario que se haya hecho.  La corte de distrito aprobará dicha divisoria, haciendo en ella las modificaciones legales que estime oportunas * * * ''

Los artículos 67 al 70, que aparecen citados en el artículo 71, se refieren al nombramiento de contador partidor por la corte de distrito, a la aceptación de semejante cargo y al ejercicio del mismo por el contador partidor, ya sea nombrado éste por la corte de distrito, ya por el testador.  De modo que si en virtud del precepto transcrito del artículo 71, los artículos 67 al 70 no tienen aplicación aún en el caso de que entre los herederos hubiese menores de edad, siempre que sus representantes legales y los demás herederos estuviesen conformes respecto a la partición de la herencia, es claro que habiendo la conformidad no es necesaria la intervención de contadores partidores en la divisoria, siempre que ésta se presente a la corte de distrito para su aprobación.

La resolución apelada no se sostiene por su primer motivo.

Los motivos 2.º, 3.º y 4.º de dicha resolución descansan en la necesidad de la autorización judicial para la enajenación de bienes de menores, de cuya autorización se ha prescindido en las operaciones divisorias de la herencia de Ignacia Berenguer Reyes.

Al considerar en 24 de mayo de 1915 el caso de *María Dolores del Rosario et al. v. Mateo Rucabado Argumosa et al.,* en que estaba envuelta la cuestión legal de si eran nulas o no adjudicaciones de bienes inmuebles en pago de deudas hechas directamente a acreedores en la partición de herencia de Luz María del Rosario en que había menores de edad, dijo esta corte:

''No hay duda alguna con respecto a la calificación que debe darse a una adjudicación de una finca en pago de deudas.  Dicha adjudicación envuelve claramente la enajenación de un bien inmueble. Tampoco hay duda alguna con respecto al hecho de que en la fecha en

que tuvieron lugar las adjudicaciones de que se trata en este caso, lo mismo que hoy, la ley exigía la previa autorización judicial para la venta de bienes inmuebles pertenecientes a menores." 23 D. P. R. 478.

Pero estimando entonces que una adjudicación de bienes inmuebles en pago de deudas hecha al liquidarse y partirse una herencia, en la que existan herederos menores de edad, no debe calificarse como un acto aislado de enajenación, a los efectos de las prescripciones del Código Civil sobre autorización judicial para enajenar bienes de menores, sino como un acto de partición que debe regularse por las que gobiernan la materia, la corte llegó a la conclusión de que la partición de la herencia de Luz María del Rosario se llevó a efecto de acuerdo con la ley y no podía, por tanto, decretarse su nulidad en cuanto a las adjudicaciones de bienes para el pago de las deudas de la herencia.

Sirvionos entonces de guía y trajimos a examen la doctrina establecida por la Dirección General de los Registros de España en varias resoluciones, consistente en que para determinar el carácter jurídico de la adjudicación de bienes para pago de deudas es necesario distinguir el caso de que las adjudicaciones se hagan o no en favor de los herederos, pues en el primer caso constituirán un acto especial de partición que ha de regirse por sus reglas especiales y propias, y en el segundo un acto de enajenación de bienes sujeto a los requisitos que para los de esta especie exigen las leyes cuando hay interesados menores de edad, pero no nos pareció aceptable en su totalidad semejante doctrina, como así lo expresamos en los siguientes términos:

"Hemos meditado mucho con respecto al fundamento que pudo tener la Dirección para diferenciar ambos casos y no hemos encontrado ninguno que nos parezca razonable. Para nosotros la naturaleza de las transacciones en los dos casos es la misma, constituyendo ambos actos de partición y no enajenaciones especiales de bienes inmuebles pertenecientes a menores." 23 D. P. R. 478.

Recayó luego la decisión de la Corte Suprema de los Estados Unidos de junio 1, 1915, en el caso de *Longpré* v. *Díaz*, 237

U. S. 512, resolutoria de que las adjudicaciones en pago de deudas hechas a los acreedores en la partición de una herencia en que existen menores de edad sin haberse obtenido previamente la autorización judicial necesaria son nulas, y habiéndose sometido entonces a reconsideración la decisión en el caso de *del Rosario et al.* v. *Rucabado et al., supra,* la corte por dos de sus jueces volvió sobre dicha decisión, dictando otra en 28 de enero de 1916 (23 D. P. R. 473) en que hizo aplicación de la jurisprudencia establecida por la Corte Suprema de los Estados Unidos. Los otros dos jueces que intervinieron en la reconsideración opinaron que atendidas las circunstancias especial concurrentes en el caso de *del Rosario et al.* v. *Rucabado et al.,* no era de influencia en su resolución la jurisprudencia de la Corte Suprema de los Estados Unidos.

Esa jurisprudencia es aplicable al presente caso en que hay interesados menores de edad y se hacen adjudicaciones de bienes inmuebles de la herencia de Ignacia Berenguer Reyes a su viudo José Genaro Sotomayor para otorgamiento de escrituras y pagos de deudas, pues como ya dijimos al considerar el caso de *del Rosario et al.,* v. *Rucabado et al.,* no hay razón para establecer diferencias entre un caso en que se adjudiquen bienes inmuebles a herederos para pago de deudas y otro en que se adjudiquen esos bienes a los mismos acreedores directamente.

Hasta donde ha alcanzado nuestro estudio, no hemos encontrado una sola sentencia del Tribunal Supremo de España que autorice la distinción establecida por la Dirección General de los Registros de España en repetidas resoluciones, las que como de carácter gubernativo no constituyen ley ni doctrina legal cuya infracción pueda ser causa del recurso de casación, según sentencia del Tribunal Supremo de España de 28 de diciembre de 1881. Y la razón es obvia, pues los interesados, independientemente del recurso gubernativo que la ley les reconoce contra las calificaciones de títulos hechas por el registrador pueden acudir a los tribunales de justicia para ventilar

ỳ contender entre sí acerca de la validez y consiguiente inscripción de las escrituras así como de la nulidad o validez de la obligación en ellas contenida, según los artículos 66 de la Ley Hipotecaria y 116 de su Reglamento. Buena prueba de ello tenemos en el caso de *G. Martínez y Cía.* v. *Roig,* 23 D. P. R. 461.

Y no cabe sostener que sea innecesaria la autorización judicial respecto de las dos fincas rústicas que la sociedad de gananciales había vendido a Ramón Colón Rodríguez y a José Ramón Andújar, pues aunque esas ventas se hubieran hecho por ambos cónyuges y los contratos estuvieran perfeccionados, para que éstos fueran inscritos en el registro tenían que ser reducidos a escritura pública, siendo necesario para otorgarla no sólo el consentimiento del esposo supérstite sino el de todos los herederos de la esposa Ignacia Berenguer Reyes; y como entre esos herederos había menores de edad que no podían por sí mismos prestar su consentimiento, ni su padre en el ejercicio de la patria potestad, por envolver el acto la venta o ratificación de venta de bienes inmuebles, la autorización judicial era absolutamente necesaria de acuerdo con el Código Civil y la Ley de Procedimientos Legales Especiales de 9 de marzo de 1905, tal como ha quedado enmendada por la ley No. 33 de 9 de marzo de 1911.

Cuestión igual o parecida fué resuelta por esta corte en el caso de *Avilés* v. *El Registrador de la Propiedad,* confirmando nota del Registrador de la Propiedad de Aguadilla, denegatoria de la inscripción de escritura de venta otorgada por una madre por su propio derecho y como representante de sus menores hijos habidos en el matrimonio disuelto ya por muerte del esposo, con cuya escritura pretendía dar cumplimiento a contrato de compraventa celebrado anteriormente por documento privado en vida de ambos esposos. Esta corte resolvió que tratándose de venta o de ratificación de venta de un bien inmueble la autorización judicial que no se había obtenido era absolutamente necesaria. *Avilés* v. *El Registrador de la Propiedad,* 17 D. P. R. 960.

. Por supuesto que como ya dijimos al resolver otro caso de *Avilés* v. *El Registrador de la Propiedad,* 19 D. P. R. 365, las formalidades prevenidas para la venta de bienes inmuebles no regulan estrictamente un caso en que solamente se trata de elevar a documento público un documento privado de venta de una finca perteneciente por derecho hereditario a hijos menores de edad, por la potísima razón de que no hay términos hábiles para vender una finca ya vendida, pero ello no exime de que se solicite por la representación de los menores autorización previa de la corte de distrito correspondiente para el otorgamiento de la escritura pública.

Estimamos, pues, ajustados a derecho los motivos 2°., 3°. y 4°. de la resolución apelada.

Examinemos el 5°. y último fundamento, expresivo de que en el presente caso ha debido seguirse el procedimiento que marcan los artículos 23 y 25 enmendados de la Ley de Procedimientos Legales Especiales.

El artículo 23 de la Ley de Procedimientos Legales Especiales no ha sufrido enmienda alguna, y se refiere a las personas que pueden solicitar la administración judicial de los bienes de un finado y forma en que debe hacerse la solicitud.

El artículo 25 de la ley de 9 de marzo de 1905 ordena que será necesaria la administración judicial de los bienes del testador cuando todos o alguno o algunos de los herederos estén ausentes y no tengan representantes legítimos en la jurisdicción del último domicilio de la persona finada o lugar donde radiquen sus bienes, o cuando un heredero o legatario sea menor o esté incapacitado. Ese artículo 25 fué enmendado por la ley de 8 de marzo de 1906, en el sentido de que sería necesaria la administración judicial de los bienes del testador cuando un "heredero o legatario sea menor o esté incapacitado y no esté representado por su padre o madre o por un tutor que haya prestado fianza con arreglo a la ley." Es pues condición *sine qua non* para la administración judicial cuando hay menores, que éstos no estén representados

por su padre o madre o por un tutor con fianza arreglada a la ley. La legislatura ha querido que sólo en el caso de que los intereses de los menores estén desamparados por carecer éstos de representación legal, los proteja con su intervención la autoridad judicial constituyendo en administración los bienes en que estén interesados.

A la muerte de Ignacia Berenguer Reyes, sus menores hijos quedaron representados por el viudo, padre de ellos, con relación a la administración de los bienes de la herencia y, por tanto, los intereses de dichos menores no estaban desamparados ni exigían la protección judicial. No puede decirse que con respecto a dicha administración hubiera incompatibilidad de intereses entre el viudo y los hijos menores; y tan es así, que la misma Ley de Procedimientos Legales Especiales en su artículo 31 provee para el caso de nombramiento de administrador judicial que podrá ser nombrado el cónyuge supérstite. La incompatibilidad o conflicto de intereses podrá existir cuando llegue el momento de dividir la herencia y para entonces provee la ley el nombramiento de defensor de los menores, cuyo nombramiento ha tenido lugar en el presente caso.

El artículo 1027 del Código Civil establece que cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial, pero ese precepto no implica que sea necesaria la administración judicial en el caso de que haya menores que no estén representados en la división de la herencia por el padre o por la madre. Entonces será necesaria la intervención judicial, y la aprobación de la divisoria, pero no la administración judicial, que son cosas enteramente distintas.

Aun más, la Ley de Enjuiciamiento Civil que comenzó a regir en esta isla en enero de 1886 y que estuvo vigente sobre la materia de que se trata hasta que fué sustituída por la actual, en 1°. de julio de 1904, dispuso en su artículo 1042 que entre otros casos, sería necesario el juicio de testamentaría

cuando los herederos o cualquiera de ellos fueran menores o estuvieren incapacitados, a no ser que estuvieren representados por sus padres, cuyo precepto, como se ve, excluye la intervención judicial cuando los menores o incapacitados tienen la representación antedicha.

La Ley de Enjuiciamiento Civil de 1855, anterior a la de 1886, disponía en su artículo 407 que sería necesario el juicio de testamentaría cuando los herederos fueran menores o incapacitados, estuvieran ausentes o presentes, si el testador no hubiera dispuesto lo contrario, y guardaba silencio sobre si era necesario el juicio de testamentaría cuando los menores o incapacitados estuvieren representados por sus padres.

Comentando ese artículo los Sres. Manresa y Reus, examinan la cuestión legal de si no obstante los términos en que aquél aparece redactado, estará comprendido en la regla general el caso en que los herederos, menores o incapacitados, estén bajo la patria potestad y llegan a la siguiente conclusión negativa:

"Conveniente hubiera sido haber establecido expresamente esta excepción para evitar dudas y conflictos; pero quizás los autores de la nueva ley creyeron que no habrá juez alguno que se atreva a conculcar los sagrados derechos de la patria potestad, tan respetados y recomendados por nuestras leyes. Ni en el terreno legal, ni en el de la conveniencia, puede ser permitido al juez prevenir de oficio una testamentaría o un abintestato, sin otra razón que por ser menores o incapacitados los herederos, cuando éstos se hallen bajo el poder de su padre.

"No en el terreno legal. Nuestras leyes confían tanto en el amor paternal, y en el celo y diligencia que instintiva y naturalmente tienen los padres por los intereses y bienestar de sus hijos, que ninguna les impone la obligación de hacer inventario de los bienes de éstos, de que son administradores y usufructuarios, al paso que imponen a los tutores la de hacerlo solemne 'con otorgamiento del juez del logar, e por mano de alguno de los escribanos públicos.' * * * Tampoco es conveniente que el juez proceda de oficio a la formación de inventarios, ni a las demás diligencias preventivas del juicio necesario de testamentaría en el caso de que tratamos. Considérese la humillación que resultaría para la dignidad y potestad

del padre a quien la naturaleza y las leyes dan tanta importancia;
lo que se rebajaría ante la sociedad y ante sus propios hijos, si al
fallecimiento de su consorte se entrometiera el juez a ocupar los
bienes, libros y papeles de la sociedad conyugal, con el objeto de
evitar abusos y fraudes en perjuicio de los hijos menores. ¿Son,
por ventura, de temer esos abusos en el caso de que tratamos?
¿Puede el juez ni nadie mirar con más interés por los bienes de los
menores que su mismo padre? ¿Puede haber el peligro que respecto
de los extraños quiere la ley precaver con laudable previsión? De
ningún modo.    Luego, si falta la razón de la ley, no puede tener
aplicación; no debe considerarse dictada para ese caso . excepcio-
nal   *   *   *.    Si, pues, las disposiciones de que tratamos no pueden
ser aplicables al presente caso como hemos visto . sin contrariar lo
establecido por la jurisprudencia y por el derecho civil, la conse-
cuencia lógica es que no debe prevenirse de oficio el juicio necesario
de testamentaría cuando, siendo menores o incapacitados los here-
deros, se hallen bajo la patria potestad.    Esta ha sido la práctica
hasta ahora observada constantemente y la que habrá de seguir obser-
vándose; de otro modo se conculcarían las prerrogativas que las leyes
naturales, civiles y canónicas conceden a la patria potestad.    Si se
teme que el padre pueda cometer abusos en los bienes de los hijos,
otros recursos conceden las leyes para evitarlo; pero so color de una
previsión injustificada, no se eche mano de un medio que sobre ser
vejatorio para el padre, es gravoso para el hijo por las costas que
se le originan.''

Manresa, Ley de Enjuiciamiento Civil, Tomo III, página 148,
149, 150 y 151, Edición 1ª.

Comentando el mismo Manresa el artículo 1041 de la Ley
de Enjuiciamiento Civil de España, igual al 1040 de la Ley
de Enjuiciamiento Civil vigente en Puerto Rico hasta julio
de 1904, dice así:

''Y es también importante la declaración que se hace en el nú-
mero 2º. del artículo 1041, de que cuando los herederos, menores o
incapacitados, estén representados por sus padres, esto es, por el
padre y en su defecto por la madre, no debe el juez prevenir de oficio
este juicio.    Aunque en la Ley de 1855 nada se dijo sobre este punto,
eso era lo conforme al derecho y a la jurisprudencia entonces vigen-
tes, según expusimos al comentarla, y para evitar dudas se ha hecho
en la nueva ley la declaración expresa antes indicada.    Y con ella
está también conforme el Código Civil, el cual en su artículo 1060

dispone que 'cuando los menores de edad estén sometidos a la patria potestad y representados en la partición (de la herencia) por el padre o, en su caso, por la madre, no será necesaria la intervención ni la aprobación judicial.' "

IV Manresa, Ley de Enjuiciamiento Civil, 439.

El artículo 1060 del Código Civil a que se refiere Manresa, es igual al 1027 de nuestro Código Civil Revisado.

Como se ve, la interpretación dada al artículo 25 de la Ley de Procedimientos Legales Especiales, enmendado por la Ley de 8 de marzo de 1906, es armónica con los preceptos y prácticas de nuestro derecho histórico, y no encontramos precepto alguno legal que esté en oposición abierta con dicha interpretación.

Por las razones expuestas es de confirmarse la resolución apelada que dictó la Corte de Distrito de Arecibo en 15 de octubre de 1914, por el fundamento de no ser válidas y eficaces en derecho las adjudicaciones hechas al viudo José Genaro Sotomayor sin la correspondiente autorización judicial, de bienes inmuebles en que son partícipes herederos menores de edad, sin que las operaciones divisorias cuya aprobación ha sido denegada estén viciadas de nulidad por falta de intervención en ellas de los contadores partidores nombrados, y por no haberse constituído en administración judicial los bienes de la herencia de Ignacia Berenguer Reyes, debiendo procederse en la práctica de dichas operaciones divisorias con sujeción a los principios que dejamos establecidos.

> *Confirmada la resolución apelada, debiendo procederse en la práctica de las operaciones divisorias con sujeción a los principios establecidos en la opinión.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.

Se hace constar que el Juez Asociado Sr. Hutchison no intervino en la consideración y resolución del caso No. 1177, *Del Rosario et al.* v. *Rucabado et al.,* 23 D. P. R. 473, en ape-

lación procedente de la Corte de Distrito de Guayama, en cuyo caso fué el juez sentenciador.