RAMÓN ANTONIO MERCADER, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 850.—*Sometido:* Junio 22, 1931. *Resuelto:* Julio 22, 1931.

*E. López Acosta,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En las operaciones particionales de los bienes relictos por

doña Rosario Cancel Marti practicadas por don José Quiñones Rivera como contador-partidor nombrado por la Corte de Distrito de Mayagüez en unión del viudo de dicha señora don Francisco Rodríguez, de Ramón Antonio Mercader como cesionario de los derechos gananciales de dicho viudo y de José Ramón Vélez como padre con patria potestad sobre sus hijos menores de edad, que son nietos y los únicos herederos de la causante de la herencia, correspondió a Ramón Antonio Mercader como cesionario de los derechos del viudo la cantidad de $429.74½ y para su pago, así como para que satisficiera determinadas deudas de la herencia en cantidad de $1,319.91 le fueron adjudicadas 25 cuerdas de terreno valoradas en $1,724.65½ y $25 en acciones de un Banco. A los herederos les fueron adjudicados bienes en común pro indiviso por su herencia y determinados frutos para que pagasen ciertas deudas. El viudo compareció para renunciar su usufructo legal, como lo renunció.

Esas operaciones particionales fueron presentadas a la Corte de Distrito de Mayagüez ante la que comparecieron todos los interesados en la misma manifestando su conformidad con ellas, habiendo expuesto el ministerio fiscal que encontraba la partición justa, razonable y equitativa; y habiendo llegado la corte a la conclusión de que dicha partición es justa, razonable y equitativa la aprobó en todas sus partes.

El Registrador de la propiedad de San Germán inscribió la finca adjudicada a Ramón Antonio Mercader solamente en cuanto a su participación en ella como cesionario del viudo Francisco Rodríguez Martínez y la negó en cuanto a la adjudicación que se le hizo para el pago de bajas del caudal.

El Registrador fundó su negativa de inscripción en que habiendo en la partición menores representados por su padre, no fué autorizado el padre de ellos para que la expresada finca fuese adjudicada al recurrente para pago de deudas de la herencia; en que en la resolución que se le presentó de la Corte de Distrito de Mayagüez nada se expresa con respecto

a que dicha autorización se concediera; y en que no cabe alegar el hecho de la aprobación por la Corte de las operaciones divisorias por ser de carácter meramente formulario. **En** apoyo de su negativa cita el caso *Ex parte Sotomayor,* decidido el 24 de junio de 1916, 24 D.P.R. 185, y el de *Sucesión Álvarez* v. *Registrador* resuelto el 20 de junio de 1910, 16 D.P.R. 602, y las citas que en éste se hacen.

Con posterioridad a las decisiones en que se funda el Registrador, quizás por lo frecuente y muchas veces necesarias que son las adjudicaciones de bienes de una herencia para pago de sus deudas, fué aprobada el 30 de noviembre de 1917 la ley No. 44 de nuestra legislatura, que dice así:

"Sec. 1.—Por la presente se agrega un nuevo artículo a la 'Ley referente a procedimientos legales y especiales, aprobada en marzo 9 de 1905, el cual se denominará Artículo 71A, y leerá como sigue:

" 'Artículo 71A.—Siempre que se verificase una partición de herencia, en la cual hubiere interesados menores de edad, o incapaces, si se adjudicaren bienes de la herencia en pago de deudas, a herederos, o extraños; deberá someterse a la aprobación de la corte de distrito competente, y si ésta, con audiencia del fiscal, quedare satisfecha de la certeza de la deuda y de que la adjudicación en pago de la misma es razonable y justa, podrá aprobar dicha adjudicación en pago, sin necésidad de la subasta pública.' "

En este caso, en el que la partición se redujo a dividir los bienes gananciales, dando su parte al cesionario del viudo supérstite y la otra mitad en común a los herederos, siendo las otras operaciones de adjudicación de bienes para el pago de deudas, la corte, con audiencia y conformidad del fiscal, aprobó la partición como justa, razonable y equitativa, aprobando así la certeza de la deuda y que la adjudicación hecha para su pago es razonable, por lo que no es necesaria la subasta pública.

*Debe ordenarse la inscripción negada.*