RAMÓN SEBASTIÁN y JOAQUÍN BERNARDO ROLA CARRILLO, demandantes y apelantes, *v.* SUCN. DE RAFAEL CALDERÓN RIVERA, ETC., y MARÍA VÉLEZ, como persona particular con posible interés en los asuntos de la SUCN. CALDERÓN, demandados y apelados.

Núm. 8987.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Febrero 7, 1946.

*R. R. Rivera Correa,* abogado de los apelantes; *Luis Apellániz Storer,* abogado de la Sucn. apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Ramón Rola Quiñones falleció intestado el 7 de enero de 1926. Dejó tres hijos mayores de edad, nombrados Emilio, Eduardo y Agustina Rola Ryan, habidos en su matrimonio con Belén Ryan; y otros dos, Ramón Sebastián y Joaquín Bernardo Rola Carrillo, de 11 y 10 años respectivamente, habidos en su matrimonio con Eduarda Carrillo Matta. Por resolución de 25 de enero de 1926, los cinco hijos y la viuda fueron declarados únicos y universales herederos ab intestato del finado, y en esa misma fecha, se nombró defensora judicial de los dos menores a su abuela materna doña Francisca Matta. Por resolución de 8 de febrero del mismo año se nombró Administrador Judicial a Nicolás Carrillo Matta quien prestó fianza y radicó el inventario de los bienes relictos por Ramón Rola Quiñones.

En 7 de julio de 1926 y a petición de la madre de los menores, la corte ordenó la venta en pública subasta de las participaciones indivisas de dichos menores en la herencia de su padre. Celebrada la subasta, el márshal adjudicó dichas

participaciones indivisas a Rafel Calderón Rivera, causante de la Sucesión demandada, por la suma de $540.34. El comprador hizo efectivo en el acto el precio de la venta. Los bienes en los cuales dichos menores tenían las mencionadas participaciones indivisas son: (*a*) finca rústica de 193.52 cuerdas; (*b*) finca rústica de 92.84 cuerdas; (*c*) finca rústica de 18 cuerdas; (*d*) casa de maderas, de una sola planta; (*e*) dos casas viviendas para mayordomos, un ranchón, implementos de labranza, etc. Todas las fincas están inscritas a nombre del finado Ramón Rola Quiñones.

Como primera causa de acción se alega que la corte que ordenó la venta de las participaciones indivisas nunca adquirió jurisdicción sobre los dos menores, porque la persona que les representó en el expediente fué su madre, Eduarda Carrillo Matta, y no la defensora judicial que les había sido nombrada, doña Francisca Matta; que en el expediente se hizo la falsa alegación de que entre los bienes hereditarios existía una finca afecta a una hipoteca a favor de The Loíza Sugar Co., ascendente con sus intereses a $50,757.80, cuando en realidad eran tres las fincas afectas a dicho gravamen, haciéndose además la falsa alegación de que la hipoteca estaba vencida, cuando la verdad era que la misma debía pagarse en plazos anuales de $2,921.85, los días 30 de junio de cada año desde 1920 a 1934 inclusive; que también se alegó falsamente que la participación de cada uno de los menores ascendía a $270, cuando de acuerdo con el inventario practicado por el Administrador Judicial los bienes relictos tenían un valor aproximado de $78,594 y las deudas del finado ascendían a solamente $61,595.38; y, por último, que en la petición radicada a nombre de los menores se ocultó voluntariamente el hecho de que los bienes estaban bajo administración judicial. Alegan los demandantes, que por razón de los hechos que anteceden el procedimiento sobre autorización judicial para la venta de sus participaciones está viciado de nulidad.

Como segunda causa de acción se alega que con posterioridad a la venta de las participaciones de los dos menores, aquí demandantes, los herederos Emilio, Eduardo y Agustina Rola Ryan, la viuda Eduarda Carrillo Matta y la Defensora Judicial de los menores, hicieron en el año 1926 una partición extrajudicial de lo bienes hereditarios, los cuales según el inventario montaban a $63,098.86, siendo las bajas contra el caudal hereditario: (a) la deuda hipotecaria a favor de Loíza Sugar Co. por $50,757.80; (b) deuda a Schlüter & Cía. por $2,762.58; y (c) deuda a favor de Emilio, Eduardo y Agustina Rola Ryan, como herederos de Belén Ryan, por $8,075. Que en la referida partición y para el pago de las deudas a la Loíza Sugar Co. y a Schlüter & Co. se adjudicó a Eduardo y Agustina Rola Ryan las dos fincas rústicas de 193.52 cuerdas y 92.84 cuerdas, valoradas en $34,300 y $16,500, respectivamente, más un condominio de una mitad en la casa de maderas, valorado en $2,500; y que las participaciones de lo menores fueron pagadas en efectivo a la Defensora Judicial, exonerándose expresamente a ambos menores de toda ulterior responsabilidad en cuanto a las deudas de la Sucesión.

Continúan alegando los demandantes, que las operaciones particionales fueron aprobadas por la corte de distrito, protocolizadas e inscritas en el Registro; y que la disposición que de las participaciones de los menores efectuó la Defensora Judicial fué sin la previa autorización de la corte y sin que mediara subasta pública.

Alegan por último los demandantes, que Rafael Calderón Rivera, causante de la Sucesión demandada, compró a Agustina y Eduardo Rola las fincas rústicas adjudicádasles en la partición, por precio de $59,000, pagando $8,242.13 a los vendedores y reservándose el resto para el pago de las obligaciones a que dicha fincas estaban afectas; que Rafael Calderón Rivera procedió de mala fe al efectuar dicha compra, ya que del Registro no aparecía constancia alguna de que

al enajenar las participaciones de los menores se cumpliera con los requisitos legales. Piden los demandantes que se dicte sentencia a su favor decretando la nulidad de todos los procedimientos, traspasos e inscripciones a que se hace referencia en la demanda; que se declare que cada uno de los demandantes tiene derecho a un condominio de una quinta parte indivisa en los bienes relictos por Ramón Rola Quiñones; que se ordene a los demandados que pongan a los demandantes en posesión de dichos condominios y les rindan cuenta de los frutos percibidos o que hayan podido percibir; y que se condene a los demandados al pago de costas y honorarios de abogado.

Los demandados radicaron su contestación y como primera defensa excepcionaron la demanda enmendada alegando insuficiencia de hechos constitutivos de causa de acción. La corte inferior declaró con lugar la excepción y dictó sentencia desestimando la demanda con las costas a cargo de los demandantes. Estos han interpuesto el presente recurso de apelación.

La única cuestión ante nos es resolver si la corte inferior erró al declarar con lugar la excepción previa de insuficiencia de hechos y, en su consecuencia, al dictar sentencia desestimando la demanda.

Aunque la demanda enmendada se divide en dos causas de acción, una sobre la alegada nulidad de la venta judicial del interés de los demandantes en los bienes de la herencia y otra sobre la alegada nulidad de la partición, en realidad se trata de una sola causa de acción, mediante la cual reclaman los demandantes se reconozcan sus condominios en los bienes de la herencia.

Para establecer esa causa de acción, se exponen hechos que, según la teoría de los demandantes, demuestran que nunca se desprendieron de sus condominios en esos bienes, ya que ni la venta judicial de los condominios, ni la subsiguiente partición en que se les adjudicó dinero en efectivo en pago de sus condominios, fueron válidas.

█ Si la partición fué válida, los demandantes carecen de interés alguno en los bienes cuyo condominio reclaman, ya que esos bienes fueron adjudicados a otros herederos.

█ Podemos asumir, sin resolverlo, que fué nula la venta judicial de los condominios de los demandantes. Pero tenemos que, haciéndose caso omiso de esa venta, se procedió a la partición de los bienes hereditarios como si los demandantes fuesen aún dueños de sus condominios. Como resultado de esa partición, en la cual intervino la defensora judicial de los demandantes y la cual mereció la aprobación de la corte de distrito, se satisfizo a los demandantes, en efectivo, su participación en los bienes de la herencia.

█ Sostienen los demandantes apelantes que la partición fué nula por tres fundamentos, a saber, que no medió la previa autorización de la corte para la disposición que de las participaciones de los demandantes hizo su defensora judicial en la partición, que no medió subasta pública al adjudicarse bienes a ciertos herederos para el pago de las cargas hereditarias y, que no intervino en la partición la persona que adquirió los derechos hereditarios de los demandantes en la venta judicial que alegan los demandantes y, asumimos nosotros, fué nula.

De la demanda surge que la defensora judicial fué nombrada por la corte a raíz de la muerte del causante de los demandantes, y que el proyecto de partición en que intervino la defensora judicial mereció la aprobación de la corte. No alcanzamos a comprender, ni nos indican los apelantes, que otra "previa autorización" judicial se necesitaba para la validez de la partición.

Los apelantes sí insisten en que, habiéndose adjudicado los bienes de la herencia a ciertos herederos en pago de cargas de la herencia, es nula la partición por no haber mediado una subasta pública. Su contención carece de base, en vista de lo dispuesto en la sección 71A de la Ley sobre Procedimientos Legales Especiales, hoy artículo 605 del Código de Enjuiciamiento Civil (Ed. de 1933), que lee como sigue:

"Siempre que se verificase una partición de herencia, en la cual hubiere interesados menores de edad, o incapaces, si se adjudicaren bienes de la herencia en pago de deudas, a herederos, o extraños, deberá someterse a la aprobación de la corte de distrito competente, y si ésta, con audiencia del fiscal, quedare satisfecha de la certeza de la deuda y de que la adjudicación en pago de la misma es razonable y justa, podrá aprobar dicha adjudicación en pago, sin necesidad de la subasta pública."

Véase, además, *Amadeo* v. *Compañía Azucarera del Toa,* 58 D.P.R. 754 y *Mercader* v. *Registrador,* 42 D.P.R. 698.

Tampoco afecta la validez de la partición el hecho de que no interviniera en ella la persona a quien se había adjudicado el interés de los demandantes en la herencia en la venta judicial que los demandantes alegan fué nula. Si fué nula la venta, nada adquirió el comprador, y ningún interés tenía en la partición. Si fué válida la venta, ningún interés les resta a los demandantes en los bienes de la herencia, y el único que podría quejarse de no haber intervenido en la partición sería el propio comprador en esa venta.

Resulta, pues, de los hechos alegados en la demanda, que se celebró una partición válida de los bienes de la herencia y que los demandantes recibieron su participación en dichos bienes como consecuencia de esa partición, por lo que carecen de interés alguno en los bienes adjudicados a los otros herederos. No erró, por lo tanto, la corte inferior al declarar con lugar la excepción previa a la demanda, ni al dictar sentencia desestimando la demanda.

*Debe confirmarse la sentencia apelada.*